**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANGELA D. WALTON,

              Plaintiff - Appellant,

  v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS INC.; et al.,

          Defendants - Appellees.

No. 11-56023

D.C. No. 2:11-cv-02445-R-FMO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 7, 2013[**]
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

      Plaintiff-Appellant Angela D. Walton appeals the district court's order

dismissing her complaint against Defendants-Appellees Mortgage Electronic

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

Registration Systems, Inc. ("MERS"), Chase Home Loan Finance, LLC, and Chase Home Finance, LLC (collectively, "Appellees"). The parties are familiar with the facts of the case and we do not repeat them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Most of Walton's claims are predicated on her contention that the Appellees lacked authority to make transfers of various interests in the deed of trust and foreclose. We have previously rejected claims challenging foreclosure proceedings predicated on MERS's involvement. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041–46 (9th Cir. 2011). The California courts agree. *See, e.g., Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th 1495, 1498, 1503–08 (2012). Additionally, there is no requirement that a trustee consent to a substitution of trustee. *See* Cal. Civ. Code § 2934a(d). In addition, MERS's role and the lender's authority to substitute the trustee were disclosed to Walton in the deed of trust. Consequently, the district court correctly dismissed Walton's claims to the extent that they were based on Appellees' alleged lack of authority.

Walton's remaining claims and allegations are either legally infirm or factually implausible. The contentions in her brief that the deed of trust was forged are contradicted by her admissions in her verified complaint that she borrowed the money and signed the deed of trust. Additionally, even if the notary's certification

2

on the deed of trust was false, as she contends, she has not plausibly alleged that it injured her. Walton cannot prevail on her negligence claim because even if Appellees kept inaccurate records, she admits that she fell behind on her payments and has not alleged that she could have avoided default. Walton's claims predicated on California Civil Code § 2932.5 fail because that provision only applies to mortgages, not deeds of trust. *Herrera*, 205 Cal. App. 4th at 1508–10. Assuming California Civil Code § 2923.5 is applicable, Walton's claims predicated on that section also fail because the sole remedy available under that section "is a postponement of the sale before it happens." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235 (2010). As the foreclosure sale here has already occurred, that remedy is no longer available. Walton has also not alleged that she suffered the prejudice or injury necessary to state a claim for wrongful foreclosure or for cancellation under California Civil Code § 3412. Even if her contentions are true, she is not an injured party, the injured parties are the true owners of her loan. *See Herrera*, 205 Cal. App. 4th at 1507-08.

The district court did not abuse its discretion in dismissing Walton's complaint with prejudice because any amendment would be futile. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).

**AFFIRMED.**

3